CHARLES F. PREUSS (State Bar No. 45783)
BRENDA N. BUONAIUTO (State Bar No. 173919)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
ORTHO-MCNEIL PHARMACEUTICAL, INC.
and MCKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**EDL**

JENIFER ARGENBRIGHT, an individual;
BERLINE BROWN, an individual;
JENNIFER BURGOS, an individual;
TAMANDA CLAY, an individual;
TAMEKIA COOPER, an individual;
KIYANA DORSEY, an individual;
VALENCIA DOWDY, an individual;
PATRICIA EMBURY, an individual;
TENILLE EVANS, an individual;
MARTHA GREENWALT, an individual;
BRANDY HEBERT, an individual;
YOLANDA HENDERSON, an individual;
RAINA HENNING, an individual; AMY
HERNANDEZ, an individual; CARRISA
HODGES, an individual; ALIKE JASON,
an individual; CHRISTIE JENNINGS, an
individual; KAYLA JOHNSON, an
individual; REBECCA KLAHS, an
individual; NANCY LAMPKA, an
individual; TASHA LEAVY, an individual;
PAMELA LUCAS, an individual; KATIE
MARTIN, an individual; SHARON
MASON, an individual; CALLENA
MAUPIN, an individual; MICHELLE
MCMILLIAN, an individual; DAYANITA
MEDJESKY, an individual; CRYSTAL
MEYER, an individual; TONI MEZA, an
individual; STEPHANY MILLER, an
individual; KATHERINE MOCZULSKI,
an individual; BETHANY MORGAN, an
individual; ANA PADILLA, an individual;
BRENDA B. PEREZ, an individual;
DIANA PLUMMER, an individual;
LATOSHA PREVOST, an individual;
JULIE ROBLES, an individual; SYLVIA
SANDOVAL, an individual; SHANELL

Case No.

07 3423

**NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) [DIVERSITY]**

DRINKER BIDDLE & REATH
LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

385872v1

1

2    SHEARD, an individual; SHERI SIMS, an
individual; HELEN SMITH, an individual;
3    JORETH      SPANN,      an      individual;
KAMIKA     SPENCER,     an     individual;
4    HEATHER    SPURRIER,    an    individual;
REBECCA STAHL, an individual; KATIE
5    TANIS,    an    individual;    ANTONIA
THOMAS,    an    individual;    BRITNEY
6    VALEAD,      an      individual;      ERICA
VALENTIN,   an   individual;   KRISTIN
7    WALSH-MONTANEZ,      an      individual;
EMILIA    WILLIAMS,    an    individual;
8    REBECCA   WORKMAN,   an   individual;
MELISSA ZALES, an individual,

9                        Plaintiffs,

10          v.

11    ORTHO-MCNEIL    PHARMACEUTICAL,
INC.,     a     Delaware     Corporation;
12    MCKESSON   CORP.  and  DOES  1-500,
inclusive,

13                        Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

385872v1

1

## TO THE CLERK OF THE COURT:

2   Defendant Ortho-McNeil Pharmaceutical, Inc. ("OMP") removes to this Court the
3   state court action described below, based on diversity of citizenship, pursuant to 28
4   U.S.C. §1332. As detailed here, the Court should disregard the citizenship of defendant
5   McKesson Corporation ("McKesson") and of plaintiff Diana Plummer (the "New Jersey
6   plaintiff") because plaintiffs fraudulently joined those parties. In the alternative, the
7   Court should sever plaintiffs' fraudulently joined claims and exercise diversity
8   jurisdiction over all but the New Jersey plaintiff's claims.

9

## BACKGROUND

10   1.   On May 11, 2007, the Southern California law firms of Law Offices of
11   Shawn Kohrrami and Kabateck Brown Kellner LLP and the Colorado law firm of Burg
12   Simpson Eldredge Hersh Jardine PC filed a personal injury action in the Superior Court
13   of California, County of San Francisco, entitled *Jenifer Argenbright, et al. v. Ortho-*
14   *McNeil Pharmaceutical, Inc., McKesson Corp., and Does 1-500, inclusive*, Case Number
15   CGC-07-463331. A copy of the Complaint in that San Francisco County state court
16   action (the "Complaint") is attached as Exhibit A to the accompanying Declaration of
17   Brenda N. Buonaiuto ("Buonaiuto Dec.").

18   The 53 individual plaintiffs in the action include residents of 29 states, who seek
19   damages for "severe" personal injuries they allegedly suffered from using the Ortho
20   Evra® contraceptive patch, available only by prescription and manufactured by OMP.
21   (Complaint ¶¶ 1-2, 10-62.) Only one of the 53 plaintiffs resides in California, and none
22   reside in San Francisco County. (Complaint ¶¶ 10-62.) Plaintiffs' claims have nothing in
23   common, other than that they all allege to have used Ortho Evra®. (*See* Complaint.)
24   Plaintiffs allege causes of action for Negligence, Strict Liability Failure to Warn, Breach
25   of Express Warranty, Breach of Implied Warranty, Negligent Misrepresentation, and
26   Fraud against OMP, a Delaware corporation with its principal place of business in New
27   Jersey. (Complaint ¶ 63; Buonaiuto Dec. ¶ 3.) Although devoid of any factual
28   allegations against McKesson, plaintiffs' complaint asserts those same claims against

DRINKER BIDDLE & REATH
LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

#385872 v1

1

NOTICE OF REMOVAL AND REMOVAL                                                    CASE NO..

1   McKesson, a Delaware corporation with its principal place of business in San Francisco,
2   California, whom plaintiffs allege "distributed and sold Ortho Evra in and throughout the
3   State of California." (Complaint ¶¶ 3, 68; Declaration of Greg Yonko, filed in *Abel,*
4   *Theresa, et al. v. Ortho-McNeil Pharmaceutical, Inc., et al.*, USDC ND CA Case No. C
5   06 7551 SBA ("Yonko Dec."), attached to the Buonaiuto Dec. as Exhibit B, ¶ 2.)

## BASIS FOR JURISDICTION

7   2.   Basis for Jurisdiction in this Court.   This Court has original jurisdiction
8   over this action, and OMP may properly remove to this Court, because the amount in
9   controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of
10   citizenship of all named parties not fraudulently joined.  28 U.S.C. §§ 1332, 1441(a).

11   a.   Amount in Controversy.   Pursuant to California Code of Civil
12   Procedure Section 425.10(b), the amount of damages sought by plaintiffs is not stated in
13   the Complaint. However, the 53 plaintiffs claim that they have *each* "suffered and/or
14   may continue to suffer potentially fatal side effects such as strokes, pulmonary emboli,
15   blood clots, deep vein thrombosis, and heart attacks" from using Ortho Evra®.
16   (Complaint ¶ 1; *see also* ¶ 91, alleging that plaintiffs have suffered "strokes, pulmonary
17   emboli, blood clots, deep vein thrombosis, and heart attacks, as well as other severe
18   permanent health problems.") Plaintiffs further allege that OMP engaged in "fraudulent"
19   and "reckless" conduct, giving rise to punitive damages claims. (*See e.g.* Complaint ¶¶
20   89, 100, 102, 115-117, 127, 142, 148, 153-156.)

21   Given the nature of plaintiffs' claims, and a review of damages awards and
22   settlement amounts in this judicial district, in cases involving allegations of serious
23   injuries from the use of prescription drugs or medical devices, it is reasonably believed
24   that, if plaintiffs succeeded in proving the allegations of the Complaint, they would each
25   recover a minimum of $75,000 in damages. (Buonaiuto Dec. ¶ 11.) Indeed, plaintiffs
26   claiming substantially similar injuries in the Ortho Evra® MDL have specifically alleged
27   that the amount in controversy in their respective actions exceeds $75,000, exclusive of
28   interest and costs. (*Id.*)

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

#385872 v1

NOTICE OF REMOVAL AND REMOVAL

2

CASE NO.

1    It is therefore "facially apparent" from the nature of the claims alleged and the

2    types of damages sought that the amount in controversy as to each plaintiff in this action

3    exceeds $75,000, exclusive of interest and costs. *See White v. FCI USA, Inc.*, 319 F.3d

4    672, 674 (5th Cir. 2003) (it was "facially apparent" that claim exceeded $75,000 based on

5    plaintiff's "lengthy list of compensatory and punitive damages"); *see also In re Rezulin*

6    *Products Liability Litigation*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (concluding that

7    complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks

8    "compensatory and punitive damages" for alleged "serious and life-threatening medical

9    conditions" due to use of prescription medicine); *International Padi, Inc. v. Diverlink*,

10    2005 WL 1635347, *1 (9th Cir. Cal. 2005) (court considered plaintiffs' general

11    allegations of unspecified general and special damages "reasonably believed to be in

12    excess of the jurisdictional limits" of the trial court and their request for injunctive relief

13    to "easily conclude" that the $75,000 amount in controversy requirement was met).

14    b.    Citizenship of the Parties. There is complete diversity of citizenship

15    between those parties not fraudulently joined. As alleged in the Complaint, plaintiffs

16    (other than the fraudulently joined New Jersey plaintiff), are citizens variously of

17    Alabama, Arizona, California, Colorado, Florida, Georgia, Idaho, Illinois, Indiana,

18    Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi,

19    Missouri, New York, North Carolina, North Dakota, Pennsylvania, South Carolina,

20    Tennessee, Texas, Virginia, West Virginia, Wisconsin, and Wyoming. (Complaint ¶¶ 10-

21    62.) At the time the state court action was filed and at the time of this removal, OMP was

22    and is a corporation existing under the laws of the State of Delaware, with its principal

23    place of business in New Jersey. (Buonaiuto Dec. ¶ 3.) Therefore, diversity of

24    citizenship exists between plaintiffs and OMP, pursuant to 28 U.S.C. Section 1332.

25    c.    All Non-Diverse Parties have been Fraudulently Joined.

26    1.    Plaintiffs Fraudulently Joined McKesson. The only other named defendant

27    in this action, McKesson, is a Delaware corporation with its principal place of business in

28    San Francisco, California. (Yonko Dec. ¶ 2.) McKesson has no potential liability to

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

#385872 v1

NOTICE OF REMOVAL AND REMOVAL

3

CASE NO.

1    plaintiffs or to any of them.  Rather, plaintiffs named McKesson as a "sham" defendant in

2    an effort to destroy diversity and to prevent this case from being removed to federal court

3    and then transferred to the Ortho Evra® MDL, which is pending in the Northern District

4    of Ohio.  (Buonaiuto Dec. ¶ 6.)

5         A defendant is fraudulently joined if "the plaintiff fails to state a cause of action

6    against the defendant, and the failure is obvious according to the settled rules of the

7    state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (where non-

8    diverse defendant is fraudulently joined, there is an exception to the requirement of

9    complete diversity); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)

10   ("fraudulently joined defendants will not defeat removal on diversity grounds").  "When

11   determining whether a defendant is fraudulently joined, "[t]he court may pierce the

12   pleadings, consider the entire record, and determine the basis of joinder by any means

13   available.'" *Maffei v. Allstate California Ins. Co.*, 412 F.Supp.2d 1049 (E.D.Cal. 2006),

14   *citing Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.Cal. 1979) ("it is well settled that upon

15   allegations of fraudulent joinder … federal courts may look beyond the pleadings to

16   determine if the joinder … is a sham or fraudulent device to prevent removal").  If

17   revealed that the joinder is fraudulent, the Court may dismiss the sham defendant.

18   *Maffei, supra*.  McKesson is so fraudulently joined here.

19        McKesson is fraudulently joined because plaintiffs have not made any material

20   allegations against it.  *See e.g. Brown v. Allstate Insurance*, 17 F.Supp.2d 1134, 1137

21   (S.D.Cal. 1998) (finding in-state defendants fraudulently joined where "no material

22   allegations" against those defendants were made).  Here, as demonstrated by the

23   Complaint, plaintiffs' claims are substantively directed against the manufacturer of Ortho

24   Evra® – OMP, and not at McKesson.  Indeed, none of plaintiffs' factual allegations, on

25   which all of their causes of action are based, involve McKesson.  (*See* "General

26   Allegations" at Complaint ¶¶ 76-91.)  Specifically, plaintiffs claim that:  OMP obtained

27   FDA approval of Ortho Evra®, despite concerns about its safety; OMP failed to

28   appropriately warn users and prescribing health care providers of the alleged serious risks

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA, 94105

#385872 v1

4

NOTICE OF REMOVAL AND REMOVAL                                                    CASE NO.

1    of using Ortho Evra®; OMP failed to properly or adequately investigate safety concerns

2    about Ortho Evra®; OMP's conduct fell below the duty of care that it allegedly owed to

3    plaintiffs; OMP misrepresented the known risks associated with Ortho Evra®; OMP

4    negligently and recklessly failed to inform the public and prescribing health care

5    providers of the alleged risks of using Ortho Evra®; and OMP was careless and negligent

6    in its manufacturing, testing, selling, distributing, merchandising, advertising, promoting,

7    packaging, and marketing of Ortho Evra®.[1]  (*Id.*)  Those allegations have everything to

8    do with the claimed acts and omissions of OMP, and nothing to do with McKesson.

9         The only factual allegations that do relate to McKesson fail to state a claim against

10   that defendant.  Plaintiffs allege that McKesson "distributed and sold Ortho Evra in and

11   throughout the State of California," and that McKesson "packaged, distributed, supplied,

12   sold, placed into the stream of commerce, labeled, described, marketed, advertised,

13   promoted and purported to warn or to inform users regarding the risks pertaining to, and

14   assuaged concerns about the pharmaceutical Ortho Evra." (Complaint ¶¶ 3, 71.)  Notably

15   absent is any allegation that the plaintiffs or any of them fall within the general class of

16   "users" referenced by plaintiffs' conclusory allegations.  Even more telling, plaintiffs do

17   not allege that McKesson distributed or sold Ortho Evra® to any of the 53 of them – only

18   one of whom even lives in the State of California – or to any of their respective health

19   care providers or pharmacists, much less to all of them.  (*See*, Complaint.)  Further, the

20   Complaint lacks any allegation that McKesson sold or distributed Ortho Evra® outside

21   the State of California, where 52 of the 53 plaintiffs reside.  The absence of such

22   allegations compels the conclusion that plaintiffs fraudulently joined McKesson in an

23   attempt to defeat diversity jurisdiction.  *See e.g. Lyons v. American Tobacco Co.*, 1997

24   WL 809677 at *5 (S.D. Ala. 1997) (holding that there is "no better admission of

25   fraudulent joinder" than the failure of plaintiff "to set forth any specific factual

26   allegations" against the non-diverse defendant).  Plaintiffs cannot cure this deficiency by

27

28

[1] As detailed in its Answer, filed simultaneously with this Removal, OMP denies plaintiffs' allegations and denies that it is liable to plaintiffs in any manner or sum whatsoever.

DRINKER BIDDLE & REATH
.LP
50 Fremont Street, 20th Floor
San Francisco  CA  94105

#385872 v1

NOTICE OF REMOVAL AND REMOVAL                                                                     5                                                                     CASE NO.

1   relying on allegations directed toward "Defendants" generally or toward OMP. *See In re*

2   *PPA Products Liability Litigation*, MDL No. 1407, Docket No. C02-423R (W.D.Wash.

3   Nov, 27, 2002), Slip Op. at 5 (attached to Ex. C to Buonaiuto Dec.) (allegations directed

4   toward "defendants" or "all defendants" insufficient).

5         In short, plaintiffs fail to allege that they received Ortho Evra® sold or distributed

6   by McKesson, a prerequisite to their product liability claims. It is essential that a plaintiff

7   who claims that a product distributed by defendant was defective must prove that

8   defendant was the distributor. *Garcia v. Joseph Vince Co.*, 84 Cal.App.3d 868, 874

9   (1978) ("Regardless of the theory which liability is predicated upon ... it is obvious that to

10   hold a producer, manufacturer, or seller liable for injury caused by a particular product,

11   there must first be proof that the defendant produced, manufactured, sold, or was in some

12   way responsible for the product"). Notwithstanding, given that the crux of plaintiffs'

13   claims is an alleged failure to warn of the alleged risks of using Ortho Evra®, there is no

14   legal basis for the causes of action asserted against McKesson.

15         Under California law, McKesson bears no duty to warn. Rather, the "learned

16   intermediary doctrine" provides that the duty to warn of a drug's risk runs from the

17   manufacturer to the physician, and then from the physician to the patient. *See Brown v.*

18   *Superio Court (Abbott Labs.)*, 44 Cal.3d 1049, 1061-62, n.9 (1988); *Carlin v. Superior*

19   *Court (Upjohn Co.)*, 13 Cal.4th 1104, 1116 (1996). The rationale of the learned

20   intermediary doctrine is that the physician is in the best position to determine whether a

21   patient should use a prescription drug, and imposing a duty to warn on others would

22   threaten to undermine reliance on the physician's informed judgment. For this reason,

23   California courts have rejected imposing liability on distributors, including specifically

24   McKesson, for failure to warn of the risks of using a prescription drug. *See e.g. Barlow*

25   *v. Warner-Lambert Co.*, Case No. CV-03-1647-R(RZx), Slip Op. at 2 (C.D.Cal. April 28,

26   2003) (attached as Ex. D to the Buonaiuto Dec.) ("the Court finds that there is no

27   possibility that plaintiffs could prove a cause of action against McKesson, an entity which

28   distributed [the prescription medication at issue] to pharmacists in California;" motion to

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

#385872 v1

6

NOTICE OF REMOVAL AND REMOVAL                                    CASE NO.

1    remand denied); and *Skinner v. Warner-Lambert Co.*, Case No. CV-03-1643-R(RZx),

2    Slip Op. at 2 (C.D.Cal. April 28, 2003) (attached as Ex. E to Buonaiuto Dec.) (same).

3         Further, McKesson had no involvement in the development or preparation of the

4    prescribing information for Ortho Evra® and did not have any responsibility for the

5    content of other written warnings concerning Ortho Evra®. (Yonko Dec. ¶ 5.) At no

6    time has McKesson had any involvement with the manufacture, development, testing,

7    packaging, labeling, advertising, promotion, or marketing of Ortho Evra®. (*Id.* ¶¶ 6-7.)

8         It is therefore a mystery why McKesson is named in this case, other than as a

9    "sham" defendant to destroy diversity jurisdiction and to prevent OMP from removing

10   the action to federal court and then transferring it to the Ortho Evra® MDL. Courts have

11   consistently ruled that such collusive tactics are not to be recognized. *See e.g. Attorneys*

12   *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593 (9th Cir. 1996) (noting there is

13   no more reason for federal courts to countenance destruction of jurisdiction by the use of

14   straw parties than there is for them to countenance the creation of jurisdiction in that

15   manner). The Court should therefore disregard the citizenship of McKesson in

16   determining whether the requisite diversity exists.

17        2.    Plaintiffs Fraudulently Joined the New Jersey Plaintiff. Once McKesson

18   drops out of the analysis, there is complete diversity, with the exception of the New

19   Jersey plaintiff and OMP. The New Jersey plaintiff lacks any basis to sue OMP, a

20   Delaware corporation with its principal place of business in New Jersey, in a San

21   Francisco, California state court. The New Jersey plaintiff does not allege any

22   connection between her or her injuries and San Francisco, California. (*See* Complaint.)

23   The New Jersey plaintiff does not allege that she purchased Ortho Evra® in San

24   Francisco, California or that she saw any health care providers for her injuries here. (*Id.*)

25   Rather, the New Jersey plaintiff resides in New Jersey, her alleged injuries presumably

26   occurred in New Jersey, and her health care providers and any other relevant witnesses

27   and evidence are presumably located in New Jersey. (*Id.* ¶¶ 44.) Her claims against

28   OMP are therefore more appropriately and justly tried in New Jersey. *See* Cal. Civ. Proc.

DRINKER BIDDLE & REATH
LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

#385872 v1

7

NOTICE OF REMOVAL AND REMOVAL                                          CASE NO.

1    Code § 410.30 ("When a court finds that in the interest of substantial justice an action
2    should be heard in a forum outside this state, the court shall ... dismiss the action in
3    whole or in part on any conditions that may be just"). There is simply no basis for the
4    New Jersey plaintiff to proceed against OMP in San Francisco. It is therefore clear that
5    plaintiffs joined the New Jersey plaintiff for the sole purpose of defeating diversity, and
6    the inclusion of the New Jersey plaintiff is simply another "sham" that should also be
7    disregarded.[2]

8        3.    Iternatively, the Court Should Sever All of Plaintiffs' Fraudulently Joined
9    Claims. Alternatively, this Court should sever plaintiffs' unrelated claims into individual
10    actions and take diversity jurisdiction over all of those claims, with the exception of
11    those asserted by the New Jersey plaintiff, so that those actions may then be transferred to
12    the Ortho Evra® MDL. The practice of joining a non-diverse plaintiff to defeat diversity
13    has been described by at least one MDL court as "an innovative, but unwise, pleading
14    strategy that interferes with the court's ability to administrate the case for pretrial
15    purposes." *In re Diet Drugs Products Liability*, 1999 WL 554584 at *5 (E.D.Pa. 1999)
16    (held that even if non-diverse plaintiff has valid cause of action against defendant, that
17    plaintiff may not prevent removal based on diversity jurisdiction if there is no reasonable
18    basis for joinder with other plaintiffs claims). Indeed, federal "courts have repeatedly
19    held that misjoined plaintiffs will not defeat diversity" and that the remedy is severing the
20    non-diverse claims. *In re Prempro Products Liability Litigation*, 417 F.Supp.2d 1058,
21    1059 (E.D.Ark. 2006). The *Prempro* court identified a host of other situations where the
22    courts severed misjoined plaintiffs under similar circumstances. *See e.g. In re*
23    *Orthopedic Bone Screw Products Liability*, 1995 WL 428683 (E.D.Pa. 1995); *In re*
24    *Rezulin Products Liability Litigation*, 168 F.Supp.2d 136, 145 (S.D.N.Y. 2001); *In re*
25    *Diet Drugs*, *supra,* 1999 WL 554584 at *4; and *In re Baycol Products Liability*

26

27        [2] To the extent the New Jersey plaintiff would argue that she joined this case to "pool resources,"
    there is coordinated litigation pending against OMP in New Jersey, which she could have joined, *In re*
28    *Ortho Evra Birth Control Patch Litigation*, Superior Court of New Jersey, Middlesex County, Case No.
    275.

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

#385872 v1

8

NOTICE OF REMOVAL AND REMOVAL                                                    CASE NO.

1    Litigation, 2003 WL 22341303 (D.Minn. 2003).

2       These cases are particularly instructive here. Plaintiffs are residents of 29

3    different states and were therefore presumably prescribed Ortho Evra® by different

4    doctors, used the drug for different lengths of time, and suffered different injuries. The

5    health care providers and other relevant witnesses, all located in counties and states

6    outside San Francisco County, California, would not be compelled to attend trial here.

7    The only thing common among plaintiffs is that they each allegedly used Ortho Evra®.

8    That alone is not enough. *Greene v. Wyeth*, 344 F. Supp.2d 674, 684-85 (D.Nev. 2004)

9    (in 9th Cir.) (held that ingestion of same drug among various plaintiffs not sufficient basis

10   to permit all plaintiffs to join in one action).

11      OMP's "statutory right of removal has been frustrated by plaintiffs' improper

12   joinder, and the interests of judicial expediency and justice weigh in favor of severance."

13   *Wyeth, supra*, 344 F.Supp.2d at 685. "Removal based on diversity of citizenship is a

14   right conferred by Congress, the need for which 'may well be greatest when the plaintiff

15   tries hardest to defeat it.'" *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990),

16   *citing* American Law Institute, Study of the Division of Jurisdiction Between State and

17   Federal Courts, Official Draft, at 169 (1969). As such, the Court should alternatively

18   sever plaintiffs' individual claims and should exercise diversity jurisdiction over all but

19   the New Jersey plaintiff's case. OMP can then move the state court to transfer that

20   remaining case to New Jersey state court – the more appropriate and convenient forum.

21   Absent that result, the right of a party to obtain diversity jurisdiction would be "rendered

22   illusory." *Grassi, supra*, 894 F.2d at 185 (federal district courts have both the authority

23   and the responsibility to examine motives underlying partial assignment which destroys

24   diversity and to disregard assignment in determining jurisdiction if it is found to have

25   been made principally to defeat removal).

26      d.    Citizenship of Doe Defendants. Pursuant to 28 U.S.C. Section

27   1441(a), for purposes of removal, the citizenship of defendants Does 1-500 must be

28   disregarded because plaintiffs sued those defendants under fictitious names.

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

#385872 v1

9

1

## REMOVAL TIMELY FILED

2      3.      Service was made on OMP's registered agent for service of process on June

3   12, 2007. (Buonaiuto Dec. ¶ 3.) McKesson was served, via its registered agent, on June

4   20, 2007. (*Id.* ¶ 4.) Therefore, this Removal was timely filed within 30 days of service,

5   pursuant to 28 U.S.C. § 1446(b).

6

## CONSENT TO REMOVAL

7      4.      The only other named defendant, McKesson, was fraudulently joined, and

8   its consent is therefore not required for removal; notwithstanding, McKesson consents to

9   OMP's removal of this action to this Court. (Buonaiuto Dec. ¶ 4.)

10

## STATE COURT WITHIN THE COURT'S JURISDICTION

11      5.      The San Francisco County, California Superior Court, from which OMP

12   removes this action, is within this Court's jurisdiction.

13

## STATE COURT PLEADINGS

14      6.      Copies of the state court pleadings known to OMP to have been filed in this

15   action are collectively attached to the Buonaiuto Dec. as Exhibit A.

16

## FILING AND SERVICE OF NOTICE OF REMOVAL AND REMOVAL

17      7.      OMP will file a notice of the filing of this Notice of Removal and Removal

18   in the San Francisco County Superior Court and will serve plaintiffs' counsel with a

19   copy. (Buonaiuto Dec. ¶ 5.)

20      WHEREFORE, OMP hereby removes to this Court San Francisco County

21   Superior Court Case No. CGC-07-463331.

22

23   Dated: June 29, 2007                        DRINKER BIDDLE & REATH

24

25                                              BRENDA N. BUONAIUTO

26                                              Attorneys for Defendants
                                                ORTHO-MCNEIL PHARMACEUTICAL,
27                                              INC. and MCKESSON CORPORATION

28

#385872 v1

10

NOTICE OF REMOVAL AND REMOVAL                                              CASE NO.